TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Christopher Drennan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Drennan, | Case No.: '17CV1217 GPC BGS |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Midland Credit Management, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Christopher Drennan (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Midland Credit Management, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Laurel, Mississippi, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Upon information and belief, a financial obligation was allegedly incurred by Plaintiff's wife, a person who is not a party to this lawsuit (hereafter "Debtor").

2. Plaintiff currently resides in Mississippi, a state that does not recognize community property laws.

3. Plaintiff is not responsible for repayment of Debtor's debt.

4. Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

5. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

6. Defendant contacted Plaintiff in an attempt to collect a debt.

7. On or about November 18, 2016, during a live conversation, Plaintiff informed Defendant that it was calling the wrong number and stated that he would be unable to assist Defendant with regards to the alleged debt.

8. Nevertheless, Defendant continued to call Plaintiff at an excessive and harassing rate.

9. Defendant's actions caused Plaintiff to suffer a significant amount of stress and frustration.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

11. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

12. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

13. Defendant communicated with the Plaintiff regarding a third-party debt more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

14. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

15. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

16. The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

17. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  June 15, 2017                TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Christopher Drennan